UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WESTLEY KHADAFY STONE, III, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 2:13-cv-01329-RDP-SGC |
| KIM T. THOMAS, et al., | ) |
| Respondents. | ) |

### MEMORANDUM OPINION

Petitioner, Westley Khadafy Stone, III, has filed a petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Doc. 1). Stone challenges his 2010 convictions by guilty plea in the Circuit Court of Elmore County for three counts of unlawful distribution of a controlled substance, each in violation of Alabama Code § 13A-12-211. (*Id.* at 1). The State has responded (Doc. 7), and Stone has replied (Doc. 9). For the reasons that follow, the petition is due to be denied as procedurally defaulted.

**I.     FACTS AND PROCEDURAL HISTORY**

The three convictions Stone challenges arose from three sales of n-benzylpiperazine and marijuana. (Doc. 2 at 1-2). Two of the transactions occurred on December 2, 2008, and the third transaction occurred on December 10, 2008; all three sales were to the same undercover agent. (*Id.*). On October 18, 2010, Stone executed a plea agreement. (*Id.* at 2). The plea agreement included Stone's agreement to a twenty year sentence on each count and the State's request to run the sentences consecutively. (Doc. 7-3 at 5). During the plea colloquy, Stone acknowledged that he signed the agreement, that it provided for three twenty year sentences, and that the State requested consecutive sentences. (*Id.* at 16). Following the plea colloquy, the sentencing court

accepted Stone's guilty plea.  (*Id*. at 19).  On April 5, 2011, the sentencing court sentenced Stone to three consecutive twenty year sentences.  (*Id.* at 24-25).  The court noted it was sentencing Stone as a habitual felony offender due to his convictions for two prior felonies.  (*Id.* at 24).

Stone timely filed a direct appeal to the Alabama Court of Criminal Appeals.  (Doc. 2 at 2).  On June 14, 2011, the Court of Criminal Appeals dismissed the appeal and issued a certificate of judgment.  (Docs. 7-5, 7-6).  Stone did not seek rehearing of his direct appeal and did not seek certiorari from the Alabama Supreme Court.  (*See* Doc. 1 at 2; Doc. 7 at 2).[1]

On August 8, 2011, Stone filed a petition with the sentencing court seeking post-conviction remedies under Alabama Rule of Criminal Procedure 32.  (Doc. 7-2 at 8-43).  The Rule 32 petition alleged: (1) violations of double jeopardy principles; (2) the trial court abused its discretion in accepting Stone's guilty plea and imposing excessive fines; (3) Stone's guilty plea was not knowingly entered; (4) the sentence was disproportionately harsh; and (5) ineffective assistance of trial counsel.  (Doc. 7-2 at 21).  The sentencing court appointed counsel and held a hearing.  (Doc. 1 at 16, 19).  Stone was not present at the Rule 32 hearing; his appointed counsel waived his presence on the record.  (Doc. 7-2 at 76).  The sentencing court denied the Rule 32 petition by way of a notation on the case action summary.  (Doc. 7-2 at 2; *see* Doc. 7-7 at 1).  Stone filed a timely appeal to the Alabama Court of Criminal Appeals (Doc. 7-2 at 3), which remanded the case to the sentencing court to issue specific written findings of fact (Doc. 7-7 at 2).  On December 7, 2012, after return to remand, the Court of Criminal Appeals affirmed the sentencing court's denial of Stone's Rule 32 petition.  (Doc. 7-8).  The Court of Criminal Appeals denied Stone's application for rehearing (Doc. 9 at 11) and, after he did not

---

[1] Stone contends he filed an application for rehearing in conjunction with his direct appeal.  (Doc. 9 at 2). However, the notice regarding the denial of Stone's application for rehearing concerned Stone's Rule 32 petition. (Doc. 9 at 11).  In any event, it is undisputed that Stone never sought certiorari from the Alabama Supreme Court, either on direct or collateral review.

seek certiorari from the Alabama Supreme Court, issued a certificate of judgment on February 20, 2013 (Doc. 7-9).

Stone filed the instant petition on July 17, 2013.  (Doc. 1).  The petition acknowledges that Stone did not seek certiorari from the Alabama Supreme Court, either on direct appeal or regarding his Rule 32 petition.  (Doc. 1 at 2, 12).[2]  The instant federal petition asserts two claims for ineffective assistance of counsel for: (1) trial counsel's failure to assure Stone's guilty plea was knowingly entered, and subsequent failure to appeal on this issue; and (2) trial counsel's failure to object or appeal on the grounds of double jeopardy.  (Doc. 1 at 5-7).

## II.   DISCUSSION

A state prisoner is generally ineligible for federal habeas relief unless he has first exhausted the remedies available in the courts of the state of conviction.  *See* 28 U.S.C. § 2254(b)(1)(A); *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1343-44 (11th Cir. 2004).  A state prisoner must first present any federal constitutional or statutory claim through one complete round of the state's trial and appellate review process, either on direct appeal or in state post-conviction proceedings.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Mauk v. Lanier*, 484 F.3d 1352, 1357 (11th Cir. 2007).  Thus, an Alabama state prisoner must attempt to present his claims to the Alabama Supreme Court.  *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).  Where a claim has not been exhausted in the state courts and it is clear from state law that any future attempts at exhaustion would be futile, the federal claims are procedurally defaulted, and review in federal courts is generally precluded.  *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999); *see Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

---

[2] Indeed, Stone explicitly states he never sought review of any of his claims form the Alabama Supreme Court.  (*See* Doc. 1 at 12 ("NONE OF THE ABOVE GROUNDS WERE SUBMITTED TO THE ALABAMA SUPREME COURT."); *id.* ("ALL GROUNDS HAVE BEEN PRESENT (*sic*) TO SOME STATE COURT, THROUGH THE FIRST ROUND OF DIRECT APPEAL.")).

3

Here, Stone readily admits he never presented any of his claims to the Alabama Supreme Court. Accordingly, his federal habeas claims are unexhausted. Additionally, it is clear that any attempt to exhaust state remedies now would be futile. *See Bailey*, 172 F.3d at 1305. Any Rule 32 petition Stone could file would be barred by Rule 32.2(a)(5) (precluding relief for any claim which "could have been but was not raised on appeal"), Rule 32(b) (precluding relief for claims brought via successive petitions), and/or Rule 32(c) (precluding relief for claims brought more than one year after the issuance of a certificate of judgment). Accordingly, Stone's claims are procedurally defaulted, and federal habeas relief is not available unless he can establish either: (1) cause and prejudice; or (2) a fundamental miscarriage of justice. *Kelley*, 377 F.3d at 1345. In response to the State's arguments to that effect, Stone primarily contends his three convictions violate the principles of double jeopardy. (Doc. 9 at 4-6). As Stone would have it, the three counts to which he pled guilty were really part of one transaction because: (1) each transaction involved the same undercover agent; and (2) the transactions were consummated in close temporal proximity. (Doc. 9 at 4-6).

The double jeopardy clause of the Fifth Amendment, which is applied to the states via the Fourteenth Amendment, "provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Justices of Bos. Mun. Ct. v. Lydon*, 466 U.S. 294, 306 (1984); *Benton v. Md.*, 395 U.S. 784, 794 (1969). The double jeopardy clause provides three protections: "It protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense." *Lydon*, 466 U.S. at 306-07 (citation and footnote omitted). When an issue as to whether multiple punishments have been imposed for the same offense is presented, the double jeopardy bar applies if the two offenses for which the defendant is punished or tried fail

the "same-elements" test enunciated in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *United States v. Dixon,* 509 U.S. 688, 696 (1993). The *Blockburger* test focuses on whether each offense contains an element not contained in the others. If the offenses cannot survive independently, "they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *Dixon*, 509 U.S. at 696.

Here, double jeopardy is not implicated. Stone admitted to engaging in three distinct transactions in which he sold three different parcels of illicit drugs. Each transaction was independently prosecutable under Alabama law. The fact that the transactions involved the same agent, and the fact that two of the transactions occurred on the same day, does not implicate double jeopardy. *See Cox v. McDonough*, No. 06-59, 2007 WL 3343123, at *8 (N.D. Fla. Nov. 7, 2007) (denying habeas petition and finding: "Petitioner engaged in two separate drug transactions, and therefore committed two criminal acts. The mere fact that the drug sales occurred within one hour of each other and involved the same type of controlled substance-cocaine, provides no basis for a double jeopardy claim.");[3] *see also United States v. Jones*, 601 F.3d 1247, 1259 (11th Cir. 2010) (in the context of possession of illegal weapons, "where a defendant has possessed different weapons at different times or places, the government may treat them as separate units of prosecution and charge multiple counts"). Accordingly, Stone's contention that his convictions violate the principles of double jeopardy demonstrates a misunderstanding of the law.

Nor do Stone's other arguments in reply to the State's response excuse his procedural default. First, Stone states his direct appeal was dismissed because his trial counsel failed to file a simultaneous motion to withdraw his guilty plea. (Doc. 9 at 1-2). This claim sounds as one for

---

[3] Additionally, just as the three transactions at issue here involve sales to the same agent, the sales at issue in *Cox* were made to the same confidential informant. *Id.* at *7.

ineffective assistance of counsel, which should have been brought and properly exhausted via a Rule 32 petition.  (As previously stated, Stone never exhausted any of his claims by seeking certiorari from the Alabama Supreme Court).  Finally, Stone's claim that he never waived his presence at the Rule 32 hearing is inapposite.  (Doc. 9 at 2-3).  A claim arising from alleged defects in a Rule 32 proceeding is not cognizable via a federal habeas corpus petition.  *Powell v. Arrington*, No. 12-2723-SLB-TMP, 2015 WL 4749182, at *5 (N.D. Ala. Aug. 11, 2015); *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004) ("While habeas is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief.").[4]

### III.  CONCLUSION

For all of the foregoing reasons, Stone's claims are procedurally defaulted.  This procedural default is fatal to Stone's federal habeas claims because he cannot establish either cause and prejudice or a fundamental miscarriage of justice.  Accordingly, this petition is due to be denied with prejudice.  *See Kelley*, 377 F.3d at 1351; *Ogle v. Johnson*, 696 F. Supp. 2d 1345, 1352 (S.D. Ga. 2009) (prejudice attaches to a denial due to procedural default).

Additionally, pursuant to Rule 11 of the *Rules Governing Section 2254 Cases*, a certificate of appealability is **DENIED**.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Lennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484

---

[4] Stone also contends the State's response is misleading to the extent it claims he was on probation and challenging a probation revocation.  (Doc. 9 at 3-4).  This appears to be a typographic error.  (*See* Doc. 7 at 9).  In any event, the record is clear that Stone's claims are procedurally defaulted; any error regarding Stone's probation status does not excuse his procedural default.

(2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  As explained above, Stone's petition is plainly procedurally defaulted.  Under these circumstances, the undersigned concludes a certificate of appealability is not warranted.

    A separate order will be entered.

    **DONE** and **ORDERED** this December 14, 2015.

                                                         **R. DAVID PROCTOR**
                                                          UNITED STATES DISTRICT JUDGE